

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JASON ERIC SONNTAG, | ) |
| Plaintiff, | ) |
| v. | ) 3:08-cv-120-RCJ-VPC |
| JIM WOODS, et al., | ) **ORDER** |
| Defendants. | ) |

Currently before the Court is *pro se* Plaintiff Jason Eric Sonntag's "Request for Special De Novo Review by Current Sitting Judge, Motion to Vacate Order to Dismiss under FRCP 60(b) Inexcusable Harmful Error" (#33).

**BACKGROUND**

Plaintiff filed a civil rights complaint, pursuant to 42 U.S.C. § 1983, against various public officials, including a mayor, district attorneys, and police officers, in Churchill County and Fallon, Nevada. (*See generally* Complaint (#8)). On December 11, 2008, Judge Brian Sandoval dismissed this action with prejudice for failure to state a claim. (*See* Order (#13); Judgment (#14)). Plaintiff filed a "Motion for District Judge to Reconsider Order" (#15); a "Motion for Judgment on the Pleadings, Addendum to Objection to District Judges Order to Dismiss Petition of Recusement of Conflicted Judges Review Pursuant to FRCP 22 by Chief Judge Rogers" (#17); and a "Motion for Emminent Relief from Miscarriage of Justice Pursuant to Rule 11, FRCP, Rule 37, 60(b)" (#20). On October 29, 2009, this Court construed all three motions as one motion for reconsideration of the Court's Order (#13) entered on December 11, 2008. (Order (#34) at 1). This Court denied all three motions for lack of timeliness and,

alternatively, on the merits. (*Id*. at 2-3). Plaintiff now files the current motion asking this Court to review *de novo* his original complaint.

## DISCUSSION

Federal Rule of Civil Procedure 60 provides that a court may relieve a party from a final judgment or order for:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Rule 60(b)(6) is a catch-all provision that "applies only when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60." *Delay v. Gordon*, 475 F.3d 1039, 1044 (9th Cir. 2007). "Rule 60(b)(6) has been used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Id.* (internal quotations omitted).

In this case, Plaintiff's "request for special de novo review by current sitting judge" is in substance a fourth motion for reconsideration of this Court's 2008 Order dismissing his complaint for failure to state a claim. This Court construes Plaintiff's motion for relief for "inexcusable harmful error" as one under Rule 60(b)(6). Plaintiff fails to demonstrate any extraordinary circumstances that would warrant relief under Rule 60(b). As the procedural history of this case demonstrates, Plaintiff has moved for reconsideration of the same order at least three times before. Plaintiff's unsuccessful bid for reconsideration does not establish extraordinary circumstances. Accordingly, the motion is denied.

///

///

///

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that Plaintiff's "Request for Special De Novo Review by Current Sitting Judge, Motion to Vacate Order to Dismiss under FRCP 60(b) Inexcusable Harmful Error" (#33) is DENIED.

DATED: This 29th day of December, 2010.

_____
United States District Judge